UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF EDUCATION OF EVANSTON-SKOKIE COMMUNITY CONSOLIDATED SCHOOL DISTRICT 65, | ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 12 C 5073 |
| v. | ) ) ) | Judge Thomas M. Durkin |
| D. MICHAEL RISEN; ILLINOIS STATE BOARD OF EDUCATION; and L.J., by and through his parents and next friends, JAMES J. and MELISSA C., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Board of Education of Evanston-Skokie Community Consolidated School District 65 (the "District") brought this Individuals with Disabilities Education Act ("IDEA") suit, 20 U.S.C. § 1400 *et seq.*, against L.J. and his parents following a decision of the impartial hearing officer ("IHO") in favor of L.J. and his parents (the "Defendants"). The Court previously ruled on the parties' summary judgment motions and affirmed all of the IHO's reimbursement award aside from the cost of L.J.'s tuition for the summer of 2011 and the cost of additional private services (beyond transportation) for the 2011-12 school year.[1] R. 63. Before the Court is the Defendants' fee petition pursuant to 20 U.S.C. § 1415. R. 73. For the following reasons, the Court, in its discretion, awards $159,801.92 to Defendants' counsel.

---

[1] The Court provided an overall, detailed analysis of the case in its June 25, 2013 opinion. R. 63.

## LEGAL STANDARD

The IDEA contains a fee-shifting provision which allows "the [C]ourt, in its discretion, [to] award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). The first issue in determining "whether the Parents are entitled to attorneys' fees [is] whether they prevailed." *Bd. of Educ. of Oak Park v. Nathan R.*, 199 F.3d 377, 382 (7th Cir. 2000). "'[P]revailing party' under 20 U.S.C. § 1415(e)(4)(B) has the same meaning as the phrase does in 42 U.S.C. § 1988." *Id.* Accordingly, for purposes of the statute, a party "prevails" when "he or she obtains 'actual relief on the merits' of a claim that 'materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Linda T. v. Rice Lake Area Sch. Dist.*, 417 F.3d 704, 707-08 (7th Cir. 2005) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)). Neither party here disputes that Defendants qualify as a "prevailing party," so the Court finds they are entitled to reasonable fees.

In determining what constitutes reasonable attorney's fees for a given case, courts use the "lodestar" method—i.e., looking to "the hours reasonably expended multiplied by the reasonable hourly rate," *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012)—because "[t]here is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Picket v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). "Once the petitioning party provides evidence of the proposed fees' reasonableness, the burden shifts to the other party to

demonstrate the award's unreasonableness." *Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 759 (7th Cir. 2012).

## ANALYSIS

The parties dispute what constitutes a reasonable fee award in this case. In their motion for fees, the Defendants requested $198,851.50 plus $720.72 in expenses, for a total of $199,602.22. R. 73 at 5; R. 75 at 33. This is less than the initial fee demand tendered to the District on July 22, 2013, which asked for $201,777.50 plus $720.72 in expenses, R. 79-1; but more than the Defendants' final demand of $184,931.90 plus $720.72 in expenses, for a total of $185,652.62. R. 80-1. The District does not object to a substantial portion of the $198,851.50 requested or the reasonableness of the hourly rate charged by Defendants' counsel. Instead, the District puts forth four arguments as to why the award should be lower than the amount claimed: (1) the Court cannot award fees related to the mediation session; (2) the fees for participating in an IEP meeting are excessive; (3) the fees for preparing the fee petition are excessive; and (4) the Defendants only achieved a partial measure of success, so the overall amount should be reduced 50%. R. 79; R. 80 at 1-2. The Court addresses each of the four areas in turn.

I. **Mediation Fees**

The District has requested a reduction of $7,427.00, the equivalent of 19.4 hours, for the Defendants' claimed fees for preparing for, traveling to and from, and attending the parties' mediation. R. 79 at 8-9. It claims the fees are unrecoverable pursuant to 20 U.S.C. § 1415(i)(3)(D)(iii) or, if recoverable, are excessive because

3

Defendants' counsel only charged 2.8 hours for the actual participation in the mediation and .5 hours for travel time, and "16.1 hours for preparation for a mediation session . . . is totally excessive." R. 79 at 8-9 (citing R. 73-7 at 7). The Defendants' oppose both arguments.

> 20 U.S.C. § 1415(i)(3)(D)(iii) provides:
>
> Opportunity to resolve complaints. A meeting conducted pursuant to subsection (f)(1)(B)(i) shall not be considered--
> (I) a meeting convened as a result of an administrative hearing or judicial action; or
> (II) an administrative hearing or judicial action for purposes of this paragraph.

In other words, meetings conducted pursuant to § 1415(f)(1)(B)(i) are excluded from any attorneys' fees that otherwise could be awarded. The question here is whether § 1415(f)(1)(B)(i) encompasses the mediation session the parties in this case participated in.

In *Ryan M. v. Board of Education*, the court, referring to § 1415(f)(1)(B)(i), stated that "fees relating to resolution meetings or *mediation* are specifically excluded from attorneys' fees that may be awarded." 731 F. Supp. 2d 776, 793 (N.D. Ill. 2010) (emphasis added). The District focuses on that isolated statement in the opinion to argue that any fees from a mediation session may not be awarded. However, 20 U.S.C. § 1415(f)(1)(B)(i) refers to *preliminary* matters that are geared towards an early resolution of the proceedings. *See* § 1415(f)(B)(i)(I) (stating the "preliminary meeting" should occur "with 15 days of receiving notice of the parents' complaint). The due process request in this case was filed on September 19, 2011; the mediation occurred on December 16, 2012. It cannot be said that a meeting

4

occurring over a year after the initial request was "preliminary." If Congress had wanted *all* mediation sessions to be included under the section of the statute which prohibits the recovery of certain attorneys' fees, it could have explicitly stated so. It did not. Furthermore, the court in *Ryan M.* was not determining whether the statute barred fees for all mediation sessions. It was only addressing the particular post-mediation meeting at issue in that case, *see Ryan M.*, 731 F. Supp. 2d at 792-93, so the simple fact that the court made a broad comment regarding mediations in general does not mean that mediation fees are barred in all situations. And even if the *Ryan M.* court was implicitly making that determination, this Court disagrees. The mediation session here cannot be considered a "preliminary resolution session," so it does not fall within the purview of 20 U.S.C. § 1415(f)(1)(B)(i). Accordingly, the Defendants may recover fees for their participation in the mediation session.

Moreover, the District's claim that the Defendants' fees are excessive is unavailing. The mediation session was a significant opportunity to resolve the dispute in this case. That Defendants' counsel spent more time preparing for the session than they spent at the actual session is neither surprising nor out of the ordinary. They were preparing for the case as a whole, and the actual hearing occurred a relatively short time later (on February 3, 2012; March 14, 15, and 20, 2012; April 13, 26, and 27, 2012; and May 2, 2012), so the Court does not find the hours they spent to be unnecessary or extreme. Finally, while the District has asserted that the fees are excessive, they have not challenged any particular time entry. *See generally Montanez v. Simon*, No. 13-1692, 2014 WL 2757472, at *5 (7th

5

Cir. June 18, 2014) ("A district court may strike billing entries so long as the party requesting fees has an opportunity to respond to any objections.") Thus, the Defendants are entitled to the full $7,472.00 in fees related to the mediation.

## II. IEP Participation

The IHO ordered the District to hold an IEP meeting with the Defendants. The Defendants initially demanded $9,361.50 for their time related to the meeting, R. 73-7 at 9, though that demand was later reduced to $8,844.50 for 23 hours of work. R. 79 at 9-10; R. 80 at 6. Conversely, the District has offered $5,500.00 for 14.3 hours of work. It claims that Defendants' counsel spent 18 hours preparing for the meeting, which it believes was excessive under the circumstances. R. 79 at 9.

Courts should not award fees requests that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). But here, the IEP meeting was an important meeting. The case was highly contentious at that point and much was at stake in the meeting. Aside from arguing that the amount of time claimed for preparation was "totally excessive," R. 79 at 9, the District does not point to any evidence or case law that demonstrates the time Defendants' counsel spent was unreasonable. Regarding general arguments of excessive fees, the Seventh Circuit has explained:

> Lawyers do not come from cookie cutters. Some are fast studies and others require extra preparation. Some are more nimble on their feet and apt to achieve better results at trial. Some have deeper insight and in a few hours may find ways to prevail (or to curtail costly discovery) that will elude their colleagues.

*Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993).

6

Once again, there is no suggestion by the District as to any particular entry that is improper or excessive. There is also nothing about the hours claimed that is excessive in light of the detailed factual record, the complicated issues at play, and the possible outcomes from the meeting. Defendants' counsel was entitled to spend time preparing to adequately represent their clients at the IEP meeting, and the hours do not appear excessive or improper on their face. Furthermore, an attorney with a lower hourly rate than the primary attorney did some of the work related to the IEP meeting, so it is not a situation where one attorney was doing all the work that would have been more appropriate for a more junior lawyer to complete. Accordingly, the Court awards Defendants' counsel their full request of $8,844.40 for their IEP-related work.

### III. Preparing this Fee Petition

A prevailing party may recover "attorney's fees and costs for all underlying proceedings and any subsequent litigation related to litigating the fee issue." *Mr. & Mrs. W. v. Malito*, No. 92-1102, 1993 WL 764591, at *2 (C.D. Ill. Apr. 20, 1993). The District requests a reduction of $12,209.50 for the Defendants' work on the fee petition. It contends that the time the Defendants spent pursuant to Local Rule 54.3(d) was excessive, arguing that Local Rule 54(d)(1) "is basically a ministerial task or task that should not require $12,209.50 in fees." R. 73-8 at 1; *see* R. 79 at 13. The Defendants are opposed to any reduction.

Initially, the District's contention that Local Rule 54(d)(1) is simply a "ministerial task" is unfounded. Local Rule 54(d) begins: "The parties involved shall

7

confer and attempt in good faith to agree on the amount of fees or related nontaxable expenses that should be awarded prior to filing a fee motion." This necessarily requires counsel to present arguments on behalf of their clients as well as respond to the other side's arguments on relevant issues. Often times, attorneys are therefore required to spend considerable time on the matter, both in terms of interacting with opposing counsel and preparing for those interactions. The District contends that situation was not present in this because it "agreed to Defendants' hourly rates and did not contest $108,000.00 in fees." *See* R. 79 at 13. However, despite those concessions, other legal and factual issues regarding the fees were still in dispute, and Defendants' counsel was entitled to bill for their work in order to resolve them.

To the extent the District claims that the Defendants have not provided adequate support for their fee request, the Court disagrees. The Defendants provided the Court with a schedule for their work, titled "Work on Invoice For Attorneys' Fee Settlement Discussions." *See* R. 73-7 at 10-13. The exhibit provides the date on which the work was performed, who performed the work, what work was performed, how long the attorney worked, and the attorneys' hourly rates. Based on that, the Defendants requested $12,209.50. The Court finds that amount to be adequately supported by the Defendants' counsel's time records and the other information in the record. It is neither excessive nor unreasonable, and the District has not pointed to any particular entries it believes were excessive. Accordingly,

Defendants' counsel is entitled to the entire amount they have requested for preparing the fee petition: $12,209.50.

IV. **Degree of Success**

The final issue for the Court's consideration is "the overall reasonableness of the requested fee, analyzing the 'relationship between the extent of success and the amount of the fee award.'" *Ryan M.*, 731 F. Supp. 2d at 794 (quoting *Farrar*, 506 U.S. at 115-16). The District argues that the Court should reduce the overall amount of fees awarded by 50% because the Defendants were only 50% successful in receiving the relief sought—i.e., the Defendants sought reimbursement for L.J. to attend Cove for the 2011-12 school year *and* the 2012-13 school, but the Defendants were only granted reimbursement for the 2010-11 school year expenses.[2] R. 79 at 7-8; *see* R. 73-9 at 31-33. Conversely, the Defendants argue that they "substantially prevailed both on the substance of their allegations and on the relief obtained," and therefore, their fees should not be reduced R. 80 at 7.

There is a dispute as to how successful the Defendants were in this litigation. At the IHO level, the Defendants sought a decision on seven specific issues relating to their contention that the District failed to provide L.J. with a Free Appropriate Public Education ("FAPE"). Those seven issues dealt with the allegation that there were a series of discrete failures by the District:

(1) Failure to conduct necessary academic and functional evaluations and to give meaningful consideration to independent evaluations provided by the parents;

---

[2] This Court reversed the IHO's grant of summer 2011 expenses. R. 63 at 51-53.

9

(2) Failure to conduct a functional behavioral analysis and develop an appropriate behavior intervention plan;

(3) Failure to use scientifically-based methodology;

(4) Failure to provide L.J. an appropriate IEP;

(5) Failure to provide L.J. with a timely IEP;

(6) Failure to provide L.J. with an appropriate placement; and

(7) Failure to provide a FAPE to L.J. due to the substantive and procedural violations.

The IHO found for the Defendants on six of the seven issues (all but issue three, concluding that the District used scientifically-based methodology). But to simply use that metric and contend that 6/7 (85.7%) of the fees should be awarded ignores the actual remedies sought. At the IHO hearing, the Defendants sought full funding for L.J.'s full-time placement at Cove School ("Cove") for the 2011-12 school year, as well as the summer of 2012 (also known as an extended school year or "ESY" services year), and the option of the same for the school year 2012-13 if Cove and the Defendants thought it was appropriate.

The IHO ordered the District to reimburse L.J.'s parents for tuition and related expenses at Cove for the 2011-12 school year and the summers of 2011 and 2012. The IHO denied L.J.'s parents' request for another full year at Cove at the District's expense for 2012-13 but ordered the District to convene an IEP team no later than July 15, 2012, to appropriately plan L.J.'s services for the 2012-13 school year. This Court affirmed the findings of the IHO as to the procedural and substantive IDEA violations nearly in full and, most importantly, sustained the

IHO's finding that the District failed to provide L.J. with a FAPE. In this regard, the Defendants were completely successful. The Court also found the IHO's award for tuition and expense at Cove for the 2011-12 school year was appropriate.

As to the remedies awarded by the IHO, the Defendants were not as successful across the board. The Court found the District had no responsibility to pay for L.J.'s placement at Cove during the summer of 2011. Additionally, the Court found that the District should not have to pay for the costs of additional private services for the 2011-12 school year or for the prospective costs of tuition and expenses at Cove for the 2012-13 school year.

The District contends that there were two distinct claims (i.e., a claim for tuition and expenses for the 2011-2012 school year and another for the 2012-13 school year) and that the Defendants prevailed on only one of those claims—i.e., the claim regarding the 2011-12 school year. The Defendants contend that no reduction in fees should occur on account of the District's two-claim argument, but if there is one, it should be a minor reduction. They argue that they were the prevailing party and that they prevailed in a significant fashion, altering both the legal relationship between the parties as well as clarified the law in regards to the District's duty to evaluate both residents and those students who attend private school within its boundaries. They also argue that the single element of compensatory relief that was denied is intrinsically related to the claims on which relief was granted and, thus, cannot be separated. Additionally, while the IHO denied prospective placement for

2012-2013 as compensatory education, the IHO placed specific requirements on the District in conducting the IEP for the 2012-13 school year.

A party should only receive the "entire lodestar" when it receives "excellent results," not "partial" success. *See Montanez*, 2014 WL 2757472, at *7. The Defendants only achieved partial success here, so reducing the fee award by a percentage to account for the Defendant's degree of success at the due process hearing (to the extent affirmed by this Court) is appropriate. The question is what percentage the fee request should be reduced by. Here, the Court will not penalize the Defendants because it overturned the IHO's decision granting summer school relief in 2011 and additional private services for the 2011-12 school year, as the Defendants did not actually seek this relief from the IHO. The Court also believes it is too simplistic to hold that because one year of free education at Cove was awarded and one year was not, a 50% reduction is mandated. Rather, the Defendants prevailed much more significantly. They were able to establish that the District committed six of the seven alleged procedural and substantive IDEA violations. These findings carry weight beyond this case, as other parents and the District know with more particularity what the law requires in handling situations such as L.J.'s. Moreover, these findings provide the framework for dealing with L.J.'s particular situation in the future. The parties did not inform the Court as to where L.J. was placed in 2012-13, but that placement necessarily was the result of the IHO's findings.

The Seventh Circuit recently explained, "'No algorithm is available' for adjusting a lodestar to reflect a partial or limited success." *Id.* at *8 (quoting *Richardson v. City of Chi.*, 740 F.3d 1099, 1103 (7th Cir. 2014). Based on that, and in conjunction with the Court's explanation above, the Court finds in its discretion that a 20% reduction in fees is appropriate. This reduction recognizes that the Defendants did not achieve total success, but also that the measure of success was significant. *See generally Golden v. World Sec. Agency, Inc.*, No. 10 C 7673, 2014 WL 37829, at *9 (N.D. Ill. Jan. 6, 2014) (reducing the fee award by 20% because the party "achieved a somewhat limited degree of success"); *Ryan M.*, 731 F. Supp. 2d at 795 (reducing the award 15% because the plaintiff achieved "substantial, but not complete relief"); A simple 50% reduction, which the District claims is appropriate, would be excessive because the measure of success was more than receiving only one year of the two years of tuition that the Defendants requested.

Anticipating that the Court might reduce the fee award based on the measure of success achieved, the Defendants also argue that their attorney fees cannot be reduced because of the District's conduct during the pendency of this case. They cite 20 U.S.C. § 1415(i)(3)(G) for the proposition that the amount of attorneys' fees awarded should not be reduced "if the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of this section." R. 80 at 9. In support, they argue that the District called an unreasonable number of witnesses and made

13

"unnecessary objections and personal attacks on both witnesses and opposing counsel." R. 80 at 9-11.

The Court has reviewed the record and finds the Defendants' argument pursuant to § 1415(i)(3)(G) unavailing. Although the Court previously noted that "the hearing became overly heated at times, especially between counsel," R. 63 at 19, this does not mean the District "unreasonably protracted the final resolution" of the case. Rather, the record demonstrates that, although contentious, both parties were always working towards a final resolution of the case; it just took longer than the Defendants preferred. Accordingly, § 1415(i)(3)(G) is inapplicable, and the Defendants' fee award should be reduced 20%.

## CONCLUSION

Based on the foregoing, the Court grants the Defendants motion for attorneys' fees and costs against the District. R. 73. However, because the Defendants only achieved partial success here, the $198,851.50 amount should be reduced 20%. After a 20% reduction of the $198,851.50 requested, the Court finds that Defendants' counsel are entitled to a fee award of $159,081.20 plus $720.72 in expenses, for a total award of $159,801.92.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: June 24, 2014

14