UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF EDUCATION OF EVANSTON-SKOKIE COMMUNITY CONSOLIDATED SCHOOL DISTRICT 65, | ) ) ) ) | |
| | ) | No. 12 C 5073 |
| PLAINTIFF, | ) ) | |
| v. | ) ) | Judge Thomas M. Durkin |
| LUCA, J., BY AND THROUGH HIS PARENTS AND NEXT FRIENDS, JAMES J. AND MELISSA C., | ) ) ) ) | |
| DEFENDANTS. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Board of Education of Evanston-Skokie Community Consolidated School District 65 (the "District") appealed a hearing officer's decision finding that the District had failed to comply with the Individuals with Disabilities Education Act ("IDEA"). The District and Defendants James J. and Melissa C., who filed the underlying administrative action on behalf of their disabled son, filed cross-motions for summary judgment. In a lengthy opinion, the Court largely affirmed the hearing officer's order. R. 63. The Defendants, as the prevailing parties, filed a motion to recover their attorneys' fees under the IDEA's fee-shifting provision. R. 73. The Court granted their motion, in part, taking a 20% partial-success deduction. R. 83. Approximately nine months later, the Defendants filed: (1) a second fee petition, R. 84; and (2) a motion to extend the time to complete fee negotiations under Local Rule 54.3, R. 86. For the following reasons, the Court denies the Defendants' motion

1

to extend the Local Rule 54.3 schedule and denies their second fee petition as untimely.

## BACKGROUND

The Court ruled on the parties' cross-motions for summary judgment on June 25, 2013. R. 63. Three weeks later, the Court granted the Defendants' unopposed motion to modify Local Rule 54.3's deadlines to complete fee negotiations. R. 67; *see also* N.D. Ill. L.R. 54.3(d). The parties filed their joint fee statement on September 10, 2013, setting forth their areas of disagreement. R. 69; *see also* N.D. Ill. L.R. 54.3(e). Among other disputes, the parties disagreed whether the Defendants were entitled to $12,209.50 in fees incurred "during the meet and confer period of LR 54.3" ("fees on fees"). R. 69 at 2. The District argued that awarding fees on fees would "violate the spirit of" the IDEA; the Defendants responded that fees on fees are recoverable, "but acknowledges that it may need to be done by a supplemental fee petition." *Id*.

After the Court granted the Defendants another unopposed extension of time, R. 72, they filed their fee petition on October 15, 2013. R. 73; *see also* N.D. Ill. L.R. 54.3(f). In their petition, the Defendants sought "$198,851.50 in fees and expenses of $720.72 along with such fees as are necessary to prosecute this Motion that are not already incorporated in this request." R. 73 at 6-7. The fees the Defendants sought included $12,209.50, which they characterized as a "portion" of their fees on fees. R. 75 at 23-24.

On June 24, 2014, the Court granted the Defendants' fee petition, less a 20% reduction for partial success (for a total fee award of $159,081.20 plus $720.72 in expenses). R. 83 at 14. With respect to fees on fees, the Court concluded that they were recoverable under the IDEA and that the amount the Defendants claimed was "adequately supported by [their] counsel's time records and the other information in the record." *Id.* at 8.

On December 8, 2014—five and a half months after the Court's decision granting the Defendants' first fee petition—the Defendants' attorney sent a letter to the District's attorney seeking $34,310.00 in "additional attorney's fees incurred by our client as the prevailing party" in this case. R. 84-1 at 1 (Ex. A). The District responded on December 29, 2014, asserting that: (1) the second fee request included fees that the Court had already awarded ("double-dipping"); (2) the Defendants should have included in their original fee petition fees incurred before October 15, 2013 (the day before they filed their original petition); (3) fees after October 15, 2013 should be discounted 20% to reflect partial success; and (4) the Defendants were not entitled to *any* additional fees because their request was untimely under Rule 54.3(b). *Id.* at 14 (Ex. B). On January 21, 2015, Defendants' attorney responded that Local Rule 54.3's 91-day rule for filing a fee petition "is not an absolute rule but allows the judge to set a schedule that is different from the Local Rule, at his discretion." *Id.* at 17 (Ex. C). He made a settlement offer to the District, expiring February 2, 2015, of $22,826.00 (a 20% reduction of the Defendants' total demand after removing duplicative fees). *Id.* Counsel stated that he would "proceed

3

with the next appropriate steps in court" if the parties could not resolve their dispute. *Id.* at 18.

The District did not accept the Defendants' settlement offer. On April 1, 2015, the Defendants filed their second fee petition seeking an additional $28,532.50 in fees, R. 84, together with a "motion for instructions, an extension of time to file a request for fees and/or to set a timeframe for fee settlement discussions pursuant to Federal Rule of Civil Procedure 6 and/or Local Rule 54.3." R. 86.

ANALYSIS

The District raises two primary arguments in response to the Defendants' belated fee request. First, it argues that the Defendants' petition is untimely under the IDEA's statute of limitations. Second, it argues that the Court should dismiss the Defendants' second petition as untimely under Local Rule 54.3.

I.    **The Statute of Limitations**

The 120-day statute of limitations applicable to attorney's fees claims under IDEA § 1415(i)(3)(B) begins to run when the hearing officer's decision is final. *Dell v. Board of Educ. Twp. High Sch. Dist. 113*, 32 F.3d 1053, 1060 (7th Cir. 1994); *see also McCartney C. by Sara S. v. Herrin Cmty. Unit Sch. Dist. No. 4*, 21 F.3d 173, 175 (7th Cir. 1994). Where, as here, the district appeals the hearing officer's decision, the 120-day statute of limitations begins to run "120 days after the judicial decision upholding the [hearing officer's] decision has become final." *Dell*, 32 F.3d at 1060; *McCartney*, 21 F.3d at 175; *see also M. v. Board of Educ. of City of Chicago*,

4

No. 10 C 2110, 2010 WL 2698285, at *3 (N.D. Ill. July 7, 2010). (So, really, a 240-day statute of limitations.)

The Court affirmed the hearing officer's decision on June 25, 2013. The District's deadline to appeal the Court's judgment expired on July 25, 2013, meaning that the statute of limitations began to run on November 22, 2013 and expired on March 22, 2014. The Defendants notified the Court that they were seeking fees on July 15, 2013, served the defendants with their initial Local Rule 54.3 submission on July 22, 2013, and filed their original fee petition on October 15, 2013—all well before the statute of limitations expired.

The Defendants filed their second fee petition on April 1, 2015, outside the limitations period as measured from the Court's order affirming the hearing officer's decision. According to the District, this means that the Defendants' request for fees is untimely under the IDEA. As the District acknowledges, *see* R. 100 at 3, none of the cases addressing the statute of limitations under the IDEA have dealt with this particular issue. As a matter of first impression, the Court rejects the District's proposed rule. The Defendants stated in their original petition that they were seeking fees on fees with respect to the Local Rule 54.3 negotiation period (the $12,209.50 that the Court awarded), and with respect to motion practice that was not yet complete. Having requested fees on fees within the statute of limitations, it is unclear why they should be required to do so again. In cases where the school district does not appeal the hearing officer's decision, the parents preserve their right to seek fees by *requesting* fees in a complaint filed before the statute of

5

limitations has expired. *See Dell*, 32 F.3d at 1064 n. 25. Proof comes later. By analogy, claiming fees within the statute of limitations after a favorable judgment on appeal should be sufficient. The Court sees no reason to treat the two situations differently, especially because existing local rules governing the timing of fee petitions will prevent cases from lingering long after the judgment in the parents' favor. *See infra.*

The Defendants *claimed* fees within the statute of limitations, even if they did not file with the Court all the supporting materials before the statute of limitations expired. So, their second fee request is not barred by the IDEA.

## II. Local Rule 54.3

In the alternative, the District argues that the Court should deny the Defendants' second fee petition for failure to comply with Local Rule 54.3. Pursuant to Local Rule 54.3(b), a party must file and serve a motion for fees "no later than 91 days after the entry of the judgment or settlement agreement on which the motion is founded." N.D. Ill. L.R. 54.3 (b). The Court "has broad discretion to require strict compliance with local rules or to relax the rules and excuse noncompliance." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 771 (7th Cir. 2013). Arguably, the Defendants could have amended their original petition in connection with their reply brief to request all the fees on fees they sought. As they point out, however, those fees were not part of the parties' pre-petition negotiations because they had not been incurred yet. So, it was reasonable for the Defendants to proceed by way of a second or supplemental petition for those

6

fees after the Court's ruling on their original petition. It was not reasonable, however, for the Defendants to wait five and a half months before even making their initial demand for the second set of fees.

The Defendants argue excusable neglect, citing the "murky" state of the law with respect to fee-on-fee petitions under the IDEA, the District's shifting arguments regarding the same, and its delays in responding to the Defendants' demands for additional fees on fees. R. 86 at 10-13; R. 101 at 5-7; *see also* Fed. R. Civ. P. 6(c) (authorizing courts to extend the time to file a motion after the deadline has passed "if the party failed to act because of excusable neglect"). The Defendants are attempting to manufacture confusion where there is none. The Defendants argue that their claims for fees on fees were not ripe until the statute of limitations began to run on November 21, 2014, citing *McCartney*:

> [Until the hearing officer's] decision in the parent's favor becomes final upon exhaustion of all judicial remedies by the school district, the parent does not know whether she has any claim to attorney's fees. So the filing of a lawsuit to obtain those fees would be premature until then.

21 F.3d at 175; *see also* R. 101 at 6-7. In this case, unlike *McCartney*, the District appealed the hearing officer's order. *Cf. McCartney*, 21 F.3d at 174. The Court affirmed that order in most respects, and the District's deadline to appeal the Court's judgment expired on July 25, 2013. The Defendants' claim for fees was certainly ripe at that point, if not sooner. The Defendants filed two motions to extend Local Rule 54.3's deadlines with respect to their § 1415(i)(3)(B) claim for fees, *see* Rs. 65 and 70, demonstrating that they understood that they were required

7

to comply with that rule. The Defendants filed a fee petition seeking fees (including a portion of their fees on fees) on October 15, 2013, which the Court granted. The Defendants acted consistently with the understanding that their attorneys' fees were ripe for consideration and subject to Local Rule 54.3's procedures.

The time records substantiating the remainder of the Defendants' fees on fees were available when the Court granted their original petition. *See, e.g., Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015) ("Neglect is generally not excusable when a party should have acted before the deadline."). They have not even attempted to explain why they waited five and a half months before even making an initial demand to the District. At that point, the deadline to file a second or supplemental petition had long since passed.[1] *See, e.g., Peters v. Wal-Mart Stores East, LP*, 512 Fed. Appx. 622, 628 (7th Cir. 2013) (the length of the delay is a relevant factor when assessing whether the moving party's neglect was excusable). The Defendants' delay necessitated another round of briefing on the threshold issue of whether their request was timely, and now they propose to delay this case still further to undertake Rule 54.3 negotiations that should have been completed many months ago.

The Court finds that the Defendants have not shown excusable neglect. Exercising its discretion to enforce the Northern District's Local Rules, the Court denies the Defendants' motion for an extension of time to complete the procedure

---

[1] The Defendants' attempt to blame the District for not responding promptly to their fee demands is meritless. Even assuming that the District was slow to respond, the delay could not have contributed to the Defendants' failure to comply with a deadline that had already passed.

outlined in Local Rule 54.3. Thus, the Court dismisses their second fee petition as untimely.

## Conclusion

For the foregoing reasons, the Court denies the Defendants' request for an extension of time, R. 86, and dismisses as untimely the Defendants' second fee petition, R. 84.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: September 24, 2015